UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZALDE SANTOS,<br><br>        Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>        Defendants. | Case No. 16-cv-01197-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 19)** |

      Before the court is Defendants' motion to dismiss the complaint by Plaintiff Rizalde Santos.[1] Santos, who is represented by counsel, did not oppose the motion within the 14 days allowed by Civ. L.R. 7-3(a). Instead, Santos filed a belated opposition—only after Defendants filed a reply brief noting the lack of any opposition—and offered no explanation for the delay.[2] The court finds the motion suitable for disposition without oral argument, pursuant to Civ. L.R. 7-1(b), and it is GRANTED as unopposed.

      Although Defendants sought dismissal without leave to amend on all claims, Fed. R. Civ. P. 15(a) advises the court to grant leave "freely," and the Ninth Circuit has directed that courts should apply this policy "with extreme liberality."[3] As a result, the court is not persuaded that it may deny leave to amend entirely. With respect to some causes of action, however, Santos' belated opposition makes clear that further amendment would be futile.

---

[1] *See* Docket No. 19.

[2] *See* Docket Nos. 30, 31.

[3] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

1  For example, Defendants argue that Santos' twelfth cause of action, for injunctive relief,[4] fails to state a claim because injunctive relief is not a standalone cause of action.[5] Santos makes no attempt to defend it.[6] In addition, Defendants point out that Santos' claims regarding allegedly force-placed insurance—the third through ninth causes of action in his complaint, as well as portions of the first and second[7]—are barred by res judicata due to a settlement in a class action, where Santos was a member of the class.[8] Even belatedly, Santos does not oppose Defendants' request that the court take judicial notice of the documents related to the class action; nor does Santos object to Defendants' claim that he was a class member. Instead, Santos contends only that the class action notice "was not sufficient to provide proper notice to a sufficient number of class members."[9] In light of this perfunctory response, the court is satisfied that no further amendment could salvage these claims.

Leave to amend, therefore, is granted only with respect to Santos' tenth and eleventh causes of action, as well as his first and second to the extent they do not relate to force-placed insurance. The remaining claims are dismissed without leave to amend. Any amended complaint shall be filed within 21 days.

**SO ORDERED.**

Dated: May 26, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See* Docket No. 1 at ¶¶ 139-140.

[5] *See* Docket No. 19 at 13.

[6] *See* Docket No. 31.

[7] *See* Docket No. 1 at ¶¶ 57-60, 66-68, 70-125.

[8] *See* Docket No. 19 at 4-10.

[9] Docket No. 31 at 9.